IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-179-WDM-BNB

MINING AND ENERGY INTERNATIONAL CORPORATION, et al.,

     Plaintiffs,

v.

RAYMOND NAYLOR, et al.,

     Defendants.

---

**ORDER OF TRANSFER**

---

Miller, J.

This matter is before me on the motion to dismiss for lack of personal jurisdiction or improper venue or, alternatively, to transfer venue, filed by defendant Allan Henriques. Plaintiffs oppose the relief requested. I have considered the parties' written arguments and find that oral argument is not required. Because I conclude, for the reasons that follow, that the motion to transfer should be granted pursuant to 28 U.S.C. § 1404(a), I do not reach the parties' other arguments.

Background

For purposes of this order, I accept the allegations set forth in Plaintiffs' complaint. They allege that Henriques made various misrepresentations to them in 1995 or later that induced them to invest in a gold mine in California owned by defendant Raymond Naylor and that, following the entry of judgment against Mr. Naylor and several entities

controlled by him in previous, related litigation, Henriques quit-claimed the interests of co-defendants in mining claims and equipment to defendant Grosvenor Data Limited in an effort to defeat collection of that judgment.

The claims asserted against Henriques are for fraud, breach of fiduciary duty, violation of the Uniform Fraudulent Transfer Act, fraudulent conveyance, and conspiracy.

### Legal Standard

28 U.S.C. § 1404(a) permits me, in my discretion, to transfer this case to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]"[1] Henriques bears the burden of showing this forum is inconvenient. *Ervin and Assocs., Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996). Shifting the inconvenience from defendants to plaintiffs, by itself, is not a permissible justification for granting the motion. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

### Discussion

Henriques presents his motion in a manner suggesting sequential decision-making beginning with the motion to dismiss for lack of personal jurisdiction and proceeding to the venue issues only if I fail to dismiss. I conclude it more appropriate to first address the motion to transfer because, if I grant it, the improper venue and personal jurisdiction issues become moot. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (under § 1404(a), "transferring court need not have personal jurisdiction over the

---

[1]     The parties do not dispute that this action could have been brought in the District of Delaware.

defendants").

The factors relevant to my resolution of the motion to transfer are set forth in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Texas Gulf Sulpher Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Defendants contend that transfer of this case to the Eastern District of California is proper because many non-party witnesses reside in California, documents related to the mineral rights and appraisals of the mining interests are located in California, and Plaintiffs seek a constructive trust on the mining claims in California, which would be more easily enforced if entered by a California court.

Plaintiffs oppose transfer. They assert that the convenience of witnesses is a "neutral" factor, Response at 26, and that the remaining *Chrysler* factors, particularly choice of forum, suggest that Colorado is the proper forum.

Although I concede that plaintiff's choice of forum is entitled to great deference, I conclude that the location of witnesses and evidence heavily favors transfer of this case to California. From the parties' briefs, it appears that the majority of the non-party witnesses are in California and therefore beyond the subpoena power of this court. The

cost of making the proof and the relative ease of access to sources of proof also benefit from transfer.  Finally, although this Court has been the venue of prior litigation, there have been no proceedings on the merits of Plaintiffs' fraud claims, and this Court has only negligible familiarity with the allegations in the case.

I conclude that Henriques has met his burden on the issue of transfer and find that the transfer of this case to the Eastern District of California advances both the convenience of the parties and the interests of justice.

Accordingly, it is ordered:

1.     The motion to transfer, filed March 26, 2004, is granted.

2.     This case shall be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

3.     The motions to dismiss for lack of personal jurisdiction and improper venue are denied as moot.

DATED at Denver, Colorado, on August 16, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge